IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GEORGE WILLIS and AUDREY WILLIS,
Individually and on behalf of all others
similarly situated,                                                                                    PLAINTIFFS

v.                                    Case No. 4:14-cv-04024

NATIONWIDE MUTUAL INSURANCE
COMPANY and NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, d/b/a NATIONWIDE
INSURANCE                                                                                              DEFENDANTS

## ORDER

Currently before the Court is Defendants' Motion to Dismiss (ECF No. 14) and Corrected Memorandum in Support. (ECF No. 30). Plaintiffs George and Audrey Willis have responded. (ECF No. 33). Defendants Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company (collectively, "Nationwide") filed a reply to Plaintiffs' response. (ECF No. 34). The Court finds this matter ripe for consideration.

Defendants moves to dismiss some of the claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the Plaintiffs do not have standing. Nationwide also moves to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For reasons reflected herein, Defendants' Motion to Dismiss (ECF No. 14) is GRANTED.

I.  Background

Plaintiffs' Complaint, brought individually and on behalf of a class of individuals, alleged breach of contract and unjust enrichment against Nationwide. Plaintiffs allege that on or about April 1, 2008, they suffered a covered loss to their property. Nationwide estimated the amount of the loss,

which included the cost of labor and materials. Nationwide compensated Plaintiffs for their loss, after subtracting depreciation and the amount of the deductible, and paid Plaintiffs "actual cash value" for the loss on or about April 4, 2008. The depreciated amount included both the cost of labor and materials. Plaintiffs, in their Complaint, argue that Arkansas law prohibits an insurance company from depreciating the cost of labor. Therefore, by depreciating this cost, Plaintiffs claim that Nationwide (1) breached its contract and (2) was unjustly enriched.

Nationwide asserts that the contract and unjust enrichment claims arising in 2008 are barred by a settlement in a previous case, res judicata, and statutes of limitations. They alternatively assert the 2008 unjust enrichment claim should be dismissed due to the existence of a valid contract.

## II. Standard

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In deciding a Rule 12(b)(6) motion, courts are required to accept all of the complaint's well-pled allegations as true and resolve all inferences in the Plaintiffs' favor. *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 933 n.4 (8th Cir. 2012). The issue in considering such a motion is not whether the Plaintiffs will ultimately prevail, but whether the Plaintiffs are entitled to present evidence in support of the claim. *See Nusku v. Williams*, 490 U.S.

319, 327 (1989).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is "not precluded in [its] review of the complaint from taking notice of items in the public record" or considering documents that do not contradict the complaint. *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003); *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999). All documents submitted to the Court are either matters of public record or do not contradict the Complaint, so the Court will review the current motion under Federal Rule of Civil Procedure 12(b)(6) standards. *Compare BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687-88 (8th Cir. 2003) (district court erred in relying on matters outside the pleading that were not public documents). Moreover, Nationwide's arguments that Plaintiffs lack standing is a question of jurisdiction. Because jurisdiction is a threshold question, the court may look outside the pleadings to determine whether subject matter jurisdiction exists. *Osborn v. United States*, 918 F.2d 724, 728-30 (8th Cir. 1990).

### III.  Discussion

#### A.  *Alexander* Settlement

First, Nationwide argues that Plaintiffs' claims from 2008 have been released by a settlement agreement in an earlier case in Arkansas state court, *Alexander v. Nationwide Mutual Insurance Co., et al.*, Case No. CV-2009-120-3 (Ark. Cir. Ct. 2009), and the claims should therefore be dismissed because the Plaintiffs lack standing. The Court reads the language of the settlement more narrowly than Nationwide, and therefore finds that the settlement does not bar the present claims.

The *Alexander* class action alleged that multiple Nationwide defendants, including

Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company were required, but failed, to compensate their customers for General Contractors' Overhead and Profit when making payments under homeowners' insurance policies. The parties negotiated a settlement to end the litigation, and in exchange for consideration, Nationwide, along with the other defendants, obtained a release from all members of the *Alexander* class for "Released Claims," defined as follows:

> [A]ny and all known claims and Unknown Claims, rights, demands, actions, claims for relief, causes of action, or suits of whatever kind or nature, debts, liens, contracts, liabilities, agreements, interest, attorneys' fees, costs, expenses or losses arising from or in any way related to any acts which have been alleged or which could have been alleged in the Action by the Plaintiffs, the Settlement Class, and/or a Class Member, whether arising under or based on contract, extra-contractual or tort, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation, arising from or in any way related to any omission, inclusion, determination, and/or calculation of General Contractor's Overhead and Profit in the adjustment and/or payment of any Covered Loss by Nationwide; provided, however, that the Released Claims do not include any claim for enforcement of the Stipulation and/or this Final Judgment.

Plaintiffs first assert that this Court cannot interpret the prior settlement because the judge in the state court, Kirk D. Johnson, who presided over the *Alexander* litigation in Miller County, Arkansas has exclusive jurisdiction to interpret the terms of the settlement. The Court disagrees and finds that it has jurisdiction to interpret the Release as it relates to the present action. In the Final Order, Judge Johnson expressly "retain[ed] continuing jurisdiction" over the action for the purposes of "[e]nforcing the Stipulation and the Proposed Settlement;" "[h]earing and determining any application by any party to the Stipulation for a settlement bar order;" and "[a]ny other matters related or ancillary to the foregoing." While the cases cited by the Plaintiffs, *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 189 (8th Cir. 1993); *In re Y & A Group Securities Litigation*, 38 F.3d

380, 383 (8th Cir. 1994); and *Picon v. Morris*, 933 F.2d 660, 662-63 (8th Cir. 1991), stand for the proposition that when a court issues an injunction, it automatically retains jurisdiction to enforce it, this is not an action to enforce the settlement and final judgment of the *Alexander* Court.  Instead, Nationwide is using the settlement as a defense, and this Court can interpret its terms to ascertain whether the defense is valid.  *See Medellín v. Texas*, 552 U.S. 491, 513 n.9 (2008) ("The first court does not get to dictate to other courts the preclusion consequences of its own judgment.") (citation omitted); *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375 (2011) ("[W]hether and how prior litigation has preclusive effect is usually the bailiwick of the second court.").  Here, the state court retains jurisdiction to enforce the *Alexander* settlement, but this Court is not deprived of jurisdiction to apply the settlement's terms and preclusion consequences as they relate to the case before it.[1]

Plaintiffs do not deny that they were members of the *Alexander* class, but instead argue that the settlement language is narrow, such that it does not include the claims currently before this court. "There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984).

When a settlement agreement containing a release is unambiguous in its terms, it is the duty of the court to interpret the release.  *Pine Bluff, S. & S. Ry. Co. v. Leatherwood*, 117 Ark. 524, 175 S.W. 1184 (1915).  Under Arkansas law, settlement agreements are treated as contracts.  *See Williams v. Davis*, 9 Ark.App. 323, 659 S.W.2d 514, 515 (1983).  "[T]he first rule of interpretation

---

[1]Plaintiffs also requests that this Court deny Nationwide's motion to dismiss without prejudice, pending the resolution of the Plaintiffs' Petition for Declaratory Judgment pending in state court before Judge Johnson.  Because this Court finds that it is capable of interpreting the language of the state court settlement, that request is denied.

of a contract is to give to the language employed the meaning which the parties intended." *First Nat'l Bank of Crossett v. Griffin*, 310 Ark. 164, 832 S.W.2d 816, 819 (1992). "When contracting parties express their intention in a written instrument in clear and unambiguous language, it is our duty to construe the written agreement according to the plain meaning of the language employed." *C. & A. Constr. Co. v. Benning Constr. Co.*, 256 Ark. 621, 509 S.W.2d 302, 303 (1974).

The plain meaning of the language of the release in the settlement is written in broad terms. However, the release applies to claims "which could have been alleged"*and* "arise[] from or [are] in any way related to . . . General Contractor's Overhead and Profit." The court finds that Plaintiffs' claims could have been alleged at the time of the settlement, but they are not related to the General Contractor's Overhead and Profit. The Plaintiffs have alleged that the Defendants "custom and practice" "[a]t all times relevant hereto" has been to unlawfully depreciate the labor costs. Therefore, at the time of the prior settlement, the Defendants were allegedly unlawfully depreciating labor costs and members of the Plaintiff class could have made that argument. *See Thompson*, 992 F.2d at 190 (court rejecting appellant's argument that settlement did not cover claims because her claims were individual in nature, noting that there is "no exception for those individual claims a class member could have brought at the time if the class member had chosen to opt out of the class prior to settlement"). However, the present claims are not "in any way related to" the General Contractor's Overhead and Profit. At this stage of the litigation, the relationship between the labor costs associated with the actual value amount of the insurance payment and the General Contractor's Overhead and Profit is unclear. Dismissal at this stage is improper unless it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Plaintiffs have shown that there is more than just

speculation that they could be entitled to relief, and the Court construes all inferences in the favor of the Plaintiffs.

Therefore, though the language of the settlement is written broadly, and it appears to be the intent of the parties to cover both known and unknown claims arising between the two parties to the full degree of res judicata purposes, the Court is not convinced that the present allegations in fact are "related to" General Contractor's Overhead and Profit. The Defendants' Motion to Dismiss the claims on that basis should be denied.

### B. Res Judicata

Nationwide next argues that, even without the *Alexander* release, res judicata acts to independently bar the Plaintiffs' claim. The Court disagrees. The law of the forum that rendered the first judgment—in this case, Arkansas—governs the application of res judicata. *Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011). Under Arkansas law, res judicata applies when there is (1) a final judgment on the merits, (2) entered by a court of competent jurisdiction, (3) between the same parties or privies, (4) regarding a claim that was actually raised or could have been raised in the prior action. *Parker v. Perry*, 355 Ark. 97, 104, 131 S.W.3d 338, 343-44 (2003). There is no dispute that the settlement was a final judgment on the merits, the Miller County Court was a court of competent jurisdiction, and the same parties were involved. However, though the claims here could have been raised in the *Alexander* litigation, they were not expressly released by the settlement.

In this special context, the res judicata question must necessarily be limited to the scope of the release. In the settlement context, res judicata questions are limited to what was actually agreed

to by the parties in the Final Judgment or the release. *See In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 357 F.3d 800, 803 (8th Cir. 2004) ("The answer to the res judicata question, of course, must be determined by inspecting the language of the judgment that concluded the class action, including the settlement agreement that was included in that judgment."); *see also United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 913 (4th Cir. 2013) ("[G]iven the contractual nature of consent decrees and settlement agreements, the preclusive effect of a judgment based on such an agreement can be no greater than the preclusive effect of the agreement itself."). Therefore, where a dismissal is based on a settlement agreement, the principles of res judicata apply to the matters as specified in the settlement agreement rather than the original complaint. *See Larkin, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999); *see also Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004).

Because the Court is not convinced that the settlement expressly releases the claims herein, discussed *supra*, the Court finds that Nationwide's Motion to Dismiss on res judicata grounds should be denied.[2]

### C. Unjust Enrichment

Nationwide next argues that the unjust enrichment counts should be dismissed due to the existence of a valid contract. The doctrine of unjust enrichment does not apply when there is a valid, legal, and binding contract. *Hall Contracting Corp. v. Entergy Servs., Inc.*, 309 F.3d 468, 475 (8th Cir. 2002); *Lowell Perkins Agency, Inc. v. Jacobs*, 469 S.W.2d 89, 92-93 (Ark. 1971). However,

---

[2]The Plaintiffs argue also that the requirements of due process were not met because of the members of the class did not receive proper notice of what they released. Because the Court finds that these claims were not released, the sufficiency of the notification is irrelevant.

at this stage of the litigation, the Plaintiffs may state their case on alternative theories and cannot be required to make an election at this time. Should, for whatever reason, one of their theories not proceed, the Plaintiffs should be able to proceed on an alternative theory. Therefore, the Court finds that Plaintiffs' unjust enrichment claim does not fail at this stage of the litigation because it is pled as an alternative theory. Therefore, Nationwide's Motion to Dismiss the unjust enrichment claims based on the existence of a valid contract should be denied.

### D. Statutes of Limitations

Alternatively, Nationwide argues that the Plaintiffs' claims are time barred and therefore the same should be dismissed. "[W]hen it appears from the face of the complaint itself that the limitations period has run, a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss." *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985) (quotation omitted). Here, the alleged breach occurred when Nationwide paid the actual cash value for the claim, on or about April 4, 2008. Plaintiffs filed their Complaint over five years later on November 22, 2013, which means that absent tolling, all breach of contract and unjust enrichment claims are barred.

This is a case where it is plain from the face of the Complaint that the action is time barred unless Plaintiffs can plead and prove a basis for tolling the limitations period. Because this case arises under diversity jurisdiction, the Court applies Arkansas tolling law and federal procedural law. *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). Under Arkansas law, a breach of contract claim arising out of a written contract is subject to a five-year statute of limitations. Ark. Code. Ann. § 16-56-111(b); *Chalmers v. Toyota Motor Sales, USA Inc.*, 935 S.W.2d 258, 261 (Ark. 1996). Unjust enrichment carries a three-year statute of limitations. Ark.

Code. Ann. § 16-56-105.  These statutes begin running on the date the breach or injury occurs, not when it is discovered, unless the limitations period is tolled.  *Chalmers*, 326 Ark. at 901.

The applicable statutes of limitations may be tolled on the basis of fraudulent concealment. Once it is clear from the face of the complaint that an action is barred by an applicable statute of limitations, the burden shifts to the Plaintiffs to prove that the limitation period was in fact tolled. *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880-81 (8th Cir. 2011) (citing *Paine v. Jefferson Nat'l Life Ins. Co.*, 594 F.3d 989, 992 (8th Cir. 2010) (applying Arkansas law)).  The Plaintiffs' burden here is preponderance of the evidence.  *First Pyramid Life Ins. Co. of Am. v. Stoltz*, 311 Ark. 313, 317-18, 843 S.W.2d 842, 844 (1992).  In order to toll a limitation period on the basis of fraudulent concealment, there must be: "(1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence."  *Paine*, 594 F.3d at 992 (quotation omitted).

This Court finds that the Plaintiffs have not shown by a preponderance of the evidence that Nationwide's failure to disclose the Plaintiffs' rights under Arkansas law is the type of "affirmative and fraudulent act[] of concealment" required to toll statutes of limitations in Arkansas. The "classic language on point" in Arkansas regarding fraud sufficient to toll the statute of limitations is as follows:

> No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar.  There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed or perpetrated in a way that it conceals itself.

*First Pyramid*, 311 Ark. at 319, 843 S.W.2d at 845 (quoting *Wilson v. GECAL*, 311 Ark. 84, 841 S.W.2d 619 (1992) (citations omitted)).  While Plaintiffs have pled that Nationwide's actions were

dishonest, there is no allegation in the Complaint of anything that was so "furtively planned and secretly executed" that would prevent the Plaintiffs from discovering the cause of action within the limitations period because it was "perpetrated in a way that it conceals itself." Therefore, Plaintiffs fail to show by a preponderance of the evidence that their allegations rise to the level of fraud required to toll the statute of limitations in Arkansas.

Alternatively, Plaintiffs' allegations are insufficient to toll the statue of limitations because they fail to allege when and how the fraud was discovered. "Fraud suspends the running of the statute of limitations . . . until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence." *Martin v. Arthur*, 3 S.W.3d 684, 687 (Ark. 1999) (quotation omitted). Part of the Plaintiffs' burden is to show that they could not, with the exercise of reasonable diligence, have discovered the alleged unlawful conduct earlier, as well as affirmatively plead when and how the fraud was discovered. *See Summerhill*, 637 F.3d at 880-81 (citing *Wood v. Carpenter*, 101 U.S. 135, 140-41 (1879) ("If the plaintiff made any particular discovery, it should be stated when it was made, what it was, how it was made, and why it was not made sooner. . . . The circumstances of the discovery must be fully stated and proved, and the delay which has occurred must be shown to be consistent with the requisite diligence.")).

Plaintiffs' conclusory allegation that "[b]ecause of Defendant's actions, Plaintiffs and other Class Members could not have known they had been underpaid on their claims through the exercise of due diligence" does not reveal why they could not discover the fraud, when it was discovered, or the manner by which it was discovered. There is no demonstration of why the exercise of diligence would not have revealed the fraud within the limitations period. In fact, Plaintiffs allege that it is consistent with "longstanding legal principles[] that materials are subject to depreciation while labor

11

is not." (ECF No. 3 ¶17). Additionally, by failing to allege when and how they discovered Nationwide's alleged fraud, Plaintiffs have failed to plead sufficient facts to demonstrate that fraudulent concealment would toll the time period sufficiently to save their otherwise time-barred claims. *See Summerhill*, 637 F.3d at 880-81; 51 Am. Jur.2d Limitation of Actions § 184 ("One may not avoid the effect of the statute of limitations on the ground of fraudulent concealment if he or she fails to plead or offer evidence as to when he or she discovered the alleged fraud.").

Therefore, the Court finds that these claims are barred by the applicable statutes of limitations and therefore the Defendants' Motion to Dismiss should be granted.

### IV. Conclusion

Plaintiffs' allegations fail because the statute of limitations has run for all claims and the allegations of fraud have not been pled in a manner to toll the running of the limitations period. Accordingly, Defendants' Motion to Dismiss (ECF No.14) is hereby GRANTED and this case is DISMISSED.

**IT IS SO ORDERED**, this 30th day of September, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge